**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SFA SYSTEMS, LLC,**<br><br>　　　　　　**Plaintiff,**<br>　v.<br><br>**1. AMAZON.COM, INC.**<br>**2. BUY.COM, INC.**<br>**3. DSW, INC.**<br>**4. DOLLAR TREE STORES, INC.**<br>**5. DOLLAR TREE, INC.**<br>**6. MEIJER, INC.**<br>**7. NEW YORK & COMPANY**<br>**8. RITE AID CORPORATION**<br>**9. SYMANTEC CORPORATION**<br>**10. TARGET CORPORATION**<br>**11. TIGERDIRECT, INC.**<br>**12. ZAPPOS.COM, INC.**<br>**13. ZAPPOS DEVELOPMENT, INC.**<br>　　　　　　**Defendants.** | **Civil Action No. 6:11-cv-00398**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For its Complaint against Amazon.com, Inc., Buy.com, Inc., DSW, Inc., Dollar Tree Stores, Inc., Meijer, Inc., New York & Company, Rite Aid Corporation, Symantec, Target Corporation, Tigerdirect, Inc. and Zappos.com, Inc. (collectively the "Defendants"), Plaintiff SFA Systems, LLC ("SFA") alleges as follows.

**PARTIES**

1.　　SFA is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.　　Upon information and belief, Defendant Amazon.com, Inc. ("Amazon.com"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

Amazon.com may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Upon information and belief, Defendant Buy.com, Inc. ("Buy.com"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 85 Enterprise, Aliso Viejo, California 92656.  Buy.com, may be served with process through its registered agent, Noel Grover, 85 Enterprise, Aliso Viejo, California 92656.

4. Upon information and belief, Defendant DSW, Inc. ("DSW"), is a corporation organized and existing under the laws of the State of Ohio corporation, with its principal place of business located at 4150 East 5th Avenue, Columbus, Ohio 43219.  DSW may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th St., Suite 620, Austin, Texas 78701.

5. Upon information and belief, Defendant Dollar Tree Stores, Inc. ("Dollar Tree Stores"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320.  Dollar Tree may be served with process through its registered agent, CT Corporation System 350 N. Saint Paul St., Dallas, Texas 75201.

6. Upon information and belief, Defendant Dollar Tree, Inc. ("Dollar Tree"), is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320.  Dollar Tree may be served with process through its registered agent, William A. Old, 999 Waterside Dr Ste 1700, Norfolk, VA 23510-3306.

7. Upon information and belief, Defendant Meijer, Inc. ("Meijer"), is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 2929 Walker Ave, NW, Grand Rapids, Michigan 49544.  Meijer may be served with process through its registered agent, The Corporation Company, 30600 Telegraph Rd, Suite 2345, Bingham Farms, Michigan 48025.

8. Upon information and belief, Defendant New York & Company ("NY&C"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 450 West 33rd Street, 5th Floor, New York, New York 10001.  NY&C may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9. Upon information and belief, Defendant Rite Aid Corporation ("Rite Aid"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 30 Hunter Lane, Camp Hill, Pennsylvania.  Rite Aid may be served with process through its registered agent, CT Corporation System PA at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

10. Upon information and belief, Defendant Symantec Corp. ("Symantec"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 350 Ellis Street, Mountain View, California.  Symantec may be served with service of process through its registered agent, Corporation Service Co. d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. Upon information and belief, Defendant **Target Corporation ("Target")**, is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.  Target may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

12. On information and belief, Defendant TigerDirect, Inc. ("TigerDirect"), is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 7795 West Flagler St., Suite 35, Miami, Florida 33144.  TigerDirect may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays St., Tallahassee, Florida 32301.

13. On information and belief, Defendant Zappos.Com, Inc. ("Zappos"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of

business located at 2280 Corporate Circle, Suite 100, Henderson, Nevada 89074. Zappos may be served with process through its registered agent CSC Services of Nevada, Inc., 2215B Renaissance Dr., Las Vegas, Nevada 89119.

14. On information and belief, Defendant Zappos Development, Inc. ("Zappos Development"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 410 Terry Ave., Seattle, WA 98109. Zappos may be served with process through its registered agent CSC Services of Nevada, Inc., 2215B Renaissance Dr., Las Vegas, Nevada 89119.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ l331 and 1338(a).

16. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 7,941,341

18. SFA is the owner by assignment of United States Patent No. 7,941,341 ("the '341 patent") entitled "Sales Force Automation System and Method," a true copy of which is attached as Exhibit A. The '341 patent was issued on May 10, 2011.

19. Defendant Amazon.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, amazon.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA.  Defendant Amazon.com thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

20. Defendant Buy.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, buy.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA.  Defendant Buy.com is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

21. Defendant DSW has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, dsw.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA.  Defendant DSW is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

22. Defendant Dollar Tree Stores has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and

elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, dollartree.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Dollar Tree stores is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

23. Defendant Dollar Tree has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, dollartree.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Dollar Tree is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

24. Defendant Meijer has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, meijer.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Meijer is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

25. Defendant NY&C has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, nyandcompany.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '341 Patent to the injury of SFA. Defendant NY&C is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

26. Defendant Rite Aid has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, riteaid.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Rite Aid is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

27. Defendant Symantec has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, symantec.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Symantec is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

28. Defendant Target has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, target.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant Target is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

29. Defendant TigerDirect has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, tigerdirect.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA. Defendant TigerDirect is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

30. Defendant Zappos has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, zappos.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA.  Defendant Zappos is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

31. Defendant Zappos Development has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '341 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, zappos.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '341 Patent to the injury of SFA.  Defendant Zappos Development is thus liable for infringement of the '341 Patent pursuant to 35 U.S.C. § 271.

32. To the extent that facts learned in discovery show that Defendants' infringement of the '341 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

33. As a result of the above Defendants' infringement of the '341 patent, SFA has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

34. Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '341 patent, SFA will be greatly and irreparably harmed.

35. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and SFA is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, SFA requests that this Court enter:

1. A judgment in favor of SFA that Defendants have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '341 patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches subsidiaries, parents, and all others acting in concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '341 patent;

3. A judgment and order requiring Defendants to pay SFA its damages, costs, expenses and prejudgment and post-judgment interest for Defendants' infringement of the '341 patent as provided under 35 U.S.C. § 284;

4. An award to SFA of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to SFA its reasonable attorneys' fees; and

6. Any and all other relief for which the Court may deem SFA entitled.

## DEMAND FOR JURY TRIAL

Plaintiff SFA, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 1, 2011  Respectfully submitted,

By: /s/ *Marc A. Fenster*
Marc A. Fenster, CA Bar # 181067
E-mail: mfenster@raklaw.com
Alexander Giza, CA Bar # 212327
E-mail: agiza@raklaw.com
Adam Hoffman, CA Bar # 218740
E-mail: ahoffman@raklaw.com
Stanley H. Thompson, Jr., CA Bar # 198825
E-mail: sthompson@raklaw.com
Jules L. Kabat, CA Bar # 061659
E-mail: jkabat@raklaw.com
Benjamin T. Wang, CA Bar #228712
E-mail: bwang@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991

Andrew W. Spangler, TX SB # 24041960
E-mail: spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403

**Attorneys for Plaintiff**
**SFA SYSTEMS, LLC**